IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

LELA BOWMAN,                          :

    Plaintiff,                    :
vs.                                                         CA 06-0041-BH-C

                                          :
JO ANNE B. BARNHART,
Commissioner of Social Security,  :

    Defendant.

### ORDER

On June 5, 2006, the undersigned entered an order requiring the plaintiff to show cause why the instant case should not be dismissed without prejudice in accordance with Rule 4(m) of the Federal Rules of Civil Procedure due to the failure to perfect service of process upon the defendant, Jo Anne B. Barnhart, as well as Alberto Gonzales and Deborah Rhodes. (Doc. 6) The plaintiff responded to this order on June 12, 2006, and therein attempts to establish good cause for failing to timely perfect service of process and requesting an additional thirty (30) days to serve the defendant. (Doc. 8) While, as explained below, the undersigned does not find an establishment of good cause it is clear that a showing of good cause is not required. Accordingly, the undersigned will allow plaintiff a period of eleven (11) days

from the date of this order, that is, until **July 3, 2006,** to perfect service of process, as opposed to the 30 days requested.[1]

After expiration of the 120-day time limit, as here, Rule 4(m) affords the plaintiff two safety hatches to escape dismissal of the complaint and those are through a showing of "good cause" or by convincing the court that it should exercise its discretion and extend the time for service even absent a showing of good cause. *Adams v. AlliedSignal General Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996); *MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1098 (3rd Cir. 1995), *cert. denied*, 519 U.S. 815, 117 S.Ct. 64, 136 L.Ed.2d 25 (1996); *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3rd Cir. 1995); *see also Goodher v. United States*, 2005 WL 1785305, *2 (D. N.J. 2005) ("In its current version Rule 4(m) provides two separate bases for extending the 120 day service period. As before, the period could be extended upon a showing by the plaintiff of good

---

[1] Plaintiff's counsel has requested a thirty-day extension of time in order "to acquire the proper paperwork to serve the aforementioned persons, become well versed in regard to all issues in this case and properly represent the Plaintiff." (Doc. 8, ¶ 5) Plaintiff's counsel should have no problem acquiring the proper paperwork for service of process by the stated deadline since all that is needed is a call to the Clerk's Office. In addition, plaintiff's counsel will have a sufficient period of time after service of process to become "well versed in regard to all issues in this case" since, by standing order, this Court allows the Commissioner of Social Security a period of ninety (90) days from service of the complaint to file an answer and administrative transcript (Doc. 5, ¶ 1) and extends to plaintiff a thirty (30) day period of time from the filing of the answer to file and serve her proposed report and recommendation (*id*., at ¶ 3).

cause for its failure to timely serve. However, the Court may, 'on its own initiative after notice to the plaintiff, . . . [either] dismiss the action without prejudice . . . or direct that service be effected within a specified time, . . . .' As noted in the *Advisory Committee Notes* to the 1993 amendments, Rule 4(m) now 'authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is not good cause shown.'"); *Fahy v. Page*, 2004 WL 1393578, *1 (N.D. Ill. 2004) ("If good cause for an extension of time to effect service is shown, then Rule 4(m) *requires* a court to grant the extension. . . . Even if good cause is not shown, a court has discretion to grant an extension of time beyond the 120-day period provided for in Rule 4(m)."). *Contra Zachery v. Thigpen*, 895 F.Supp. 1472, 1474 (M.D.Ala. 1995) (a showing of good cause is the only safety hatch available to escape dismissal).

> [T]he plain language of the rule itself explains that in all cases, the court has the option of dismissing the action or extending time for service. The fact that the word "shall" is used along with the disjunctive "or" in the first clause indicates that the court has discretion to choose one of these options. As an exception to this general provision, the second clause notes that if good cause exists, the district court has no choice but to extend time for service. Thus, the logical inference that can be drawn from these two clauses is that the district court may, in its

> discretion, extend time even absent a finding of good cause.

*Petrucelli*, 46 F.3d at 1305; *see also Adams, supra*, 74 F.3d at 887; Fed.R.Civ.P. 4(m) advisory committee's note (1993) ("The new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown").

The Magistrate Judge agrees with the Third and Eight Circuits' interpretation of 4(m) and therefore, will first determine whether good cause exists for an extension of time. If good cause exists this Court must extend the time for service; however, if good cause is not found to exist the undersigned will then consider whether this Court, in its discretion, should dismiss the case without prejudice or extend time for service. *See Petrucelli*, 46 F.3d at 1305.

Good cause is due to be equated with the concept of "excusable neglect" outlined in Fed.R.Civ.P. 6(b)(2), "which requires 'a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules.'" *MCI Telecommunications Corp., supra*, 71 F.3d at 1097; *see also Adams*, 74 F.3d at 887 ("A showing of good cause requires at least 'excusable neglect'--good

faith and some reasonable basis for noncompliance with the rules"); *Kersh v. Derozier,* 851 F.2d 1509, 1512 (5th Cir. 1988) ("'[G]ood cause . . . would appear to require *at least* as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of "good faith on the parties seeking enlargement *and* some reasonable basis for noncompliance within the time specified" is normally required.'"); *Lowe v. Hart*, 157 F.R.D. 550, 553 (M.D.Fla. 1994) (same as *Kersh*).  The undersigned recognizes that "courts have found that factors outside a plaintiff's control, such as sudden illness, natural catastrophe or evasion of service of process," will satisfy this requirement. *Zachery, supra*, 895 F.Supp. at 1474 (citations omitted); *see also Quann v. Whitegate-Edgewater*, 112 F.R.D. 649, 659 (D. Md. 1986) (evasion of service in the face of plaintiff's attempts to effect service constitutes good cause).  However, absence of prejudice alone can never constitute good cause to excuse late service, *MCI Telecommunications Corp.*, 71 F.3d at 1097; *Zachery*, 895 F.Supp at 1474-1475 (citations omitted); *Quann*, 112 F.R.D. at 661, nor will inadvertent error, *Petrucelli*, 46 F.3d at 1307 (delay resulting from inadvertence of counsel need not be excused); *Hamilton v. Endell*, 981 F.2d 1062, 1065 (9th Cir. 1992) (inadvertent error is not good cause); *Prisco*

*v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991) (inadvertence or negligence does not establish good cause); *Tomney v. International Center for the Disabled*, 2003 WL 1990532, *3 (S.D. N.Y. 2003) ("While Rule 4(m) does not define good cause, it is commonly held that 'mistake or inadvertence of counsel does not constitute "good cause" justifying failure to effect timely service of process.'"); *Quann, supra*, 112 F.R.D. at 659 (counsel's inadvertence is precisely the factor the rule is aimed at); *Coleman v. Greyhound Lines, Inc.*, 100 F.R.D. 476, 477 (N.D.Ill. 1984) (inadvertence of counsel does not establish good cause), or ignorance or unfamiliarity with the rule governing service, *Tuke v. United States*, 76 F.3d 155, 156 (7th Cir. 1996) (ignorance may be an explanation but is not an excuse); *Hamilton*, 981 F.2d at 1065 (ignorance of governing rules is no excuse); *Kersh*, 851 F.2d at 1512 ( a *pro se* plaintiff's ignorance of the law is no excuse); *Zachery,* 895 F.Supp. at 1476 n. 5 (an attorney's unfamiliarity with the federal rules does not warrant a finding of good cause); *Lowe*, 157 F.R.D. at 553 (a *pro se* plaintiff's ignorance of the law, that is, the fact that she is confused and uninformed regarding the rule governing service, is no excuse), excuse a litigant's failure to effect timely service.

    Melissa B. Horner, Esquire, who filed her notice of appearance as

counsel of record for plaintiff on June 12, 2006 (Doc. 7), avers that a former attorney for R.D. Pitts & Associates, P.C., Patrick Ray, Esquire, who left the firm on September 30, 2005, originally filed this action in the Middle District of Alabama on February 1, 2005, and "was the only member of the firm who was aware that this action had been filed and was solely responsible for the prosecution of the same." (Doc. 8, at ¶ 2; *see also id.*, at ¶¶ 1, 3 & 5) According to Ms. Horner, it was not until she "received access to the CM/ECF in the Southern District that [she] became aware that certain matters had been filed by Mr. Ray on behalf" of the firm. (*Id.* at ¶ 4; *see also id.* ("Prior to that time, the undersigned [was] unable to ascertain the current status of any of the matters Mr. Ray was working on prior to his departure from this firm.")). As one court has well stated, the reasons advanced as good cause in this case are really no cause at all. *See Coleman, supra*, 100 F.R.D. at 477. In effect, what Ms. Horner is arguing is that attorney negligence by Ray and inadvertence on her behalf[2] led to the defendant not being served in this case. As alluded to

---

[2]   Ms. Horner implicitly admits inadvertence on her behalf inasmuch as she concedes that this case was transferred to this Court on January 25, 2006 (Doc. 8, at ¶ 3) and contends that "[i]t was not until the undersigned received access to the CM/ECF in the Southern District that [she] became aware that certain matters had been filed by Mr. Ray on behalf of this firm." (*Id.* at ¶ 4) The undersigned must read these two paragraphs together as establishing that Ms. Horner had access to information, as of January 25, 2006, establishing the need to serve the defendant and that she inadvertently failed to perfect service.

7

above, however, it is well established that inadvertence or negligence does not establish good cause. *See, e.g., Prisco*, *supra*, 929 F.2d at 604.

The lack of good cause for the failure to serve the defendant within 120 days of the formal filing of the complaint makes it necessary for this Court to consider whether it should, in its discretion, dismiss the case without prejudice or extend the time for service. "The Advisory Committee note provides some guidance as to what factors the district court should consider when deciding to exercise its discretion to extend time for service in the absence of a finding of good cause." *Petrucelli*, *supra*, 46 F.3d at 1305. The Committee explains, for instance, that relief may be justified "'if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'" *Id*. at 1305-1306, quoting Fed.R.Civ.P. 4(m) advisory committee's note (1993). However, "the running of the statute of limitations does not require the district court to extend time for service of process[,]" *id*. at 1306, and does not establish good cause,[3] as to read the rule and advisory note otherwise "would effectively eviscerate Rule 4(m) and defeat the purpose and bar of statutes of repose." *Id.*, at n.7.

---

[3] The Magistrate Judge is in agreement with the Third Circuit's stance that "a district court may not consider the fact that the statute of limitations has run until after it has conducted an examination of good cause." *Petrucelli*, 46 F.3d at 1306.

42 U.S.C. 405(g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." It is well established that the 60-day requirement set out in § 405(g) is not jurisdictional, but rather is a statute of limitations which is waivable by the parties and subject to the doctrine of equitable tolling. *See Bowen v. City of New York*, 476 U.S. 467, 478-480, 106 S.Ct. 2022, 2029-2030, 90 L.Ed.2d 462 (1986). It is apparent to the undersigned that dismissal of the instant case for failure to timely serve the defendant would obviously bar plaintiff from refiling her complaint under the statute of limitations. Moreover, given that the primary objective of the disability insurance aspect of the Social Security Act is to provide "workers and their families with basic protection against hardships created by the loss of earnings due to illness[,]" *Mathews v. Castro*, 429 U.S. 181, 185-186, 97 S.Ct. 431, 434, 50 L.Ed.2d 389 (1976), the undersigned finds that any prejudice to the defendant resulting from late service of process would be so minimal as to be practically non-existent when compared to the obvious

prejudice that would be visited upon the plaintiff with a dismissal of the complaint for failure to timely perfect service of process. These circumstances justify the exercise of the Court's discretion under Rule 4(m) to relieve Bowman of the strict application of the 120-day time limit even despite plaintiff's failure to show good cause.

Plaintiff is **ORDERED** to perfect service of process upon the named defendant, Jo Anne B. Barnhart, as well as Alberto Gonzales and Deborah Rhodes, on or before **July 3, 2006**. The failure of plaintiff to perfect service of process by the stated deadline will result in the undersigned entering a report and recommendation that this case be dismissed.

**DONE** and **ORDERED** this the 21st day of June, 2006.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**