# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

LELA BOWMAN,                    :

    Plaintiff,              :

vs.                             :         CA 06-0041-BH-C

JO ANNE B. BARNHART,            :
Commissioner of Social Security,
                                :
    Defendant.

## REPORT AND RECOMMENDATION

The defendant has filed a motion to remand this cause under sentence six of 42 U.S.C. § 405(g).  (*See* Doc. 14)  The Commissioner has been unable to locate the claim file and therefore has requested a remand to search for the file or, if the search proves futile, to reconstruct the file.[1]  (*See id.*)  The motion to remand reveals that counsel for the defendant, Patricia N. Beyer, Esquire, notified plaintiff's counsel, Melissa Horner, Esquire, of the contents of the motion and was advised by Ms. Horner that the plaintiff would interpose no objection to the motion to remand.  (*See id.* at 2)

---

[1] The absence of the claim file makes it impossible for the Commissioner to compile an administrative record to file with his answer. (*Compare* Doc. 14 *with* Doc. 5, ¶ 1 ("The Commissioner of Social Security shall file an answer, together with a transcript of the administrative proceedings, within ninety (90) days after service of the complaint."))

The first portion of sentence six of 42 U.S.C. § 405(g) provides that "[t]he court may, on motion of the [Commissioner] made for good cause shown before he files his answer, remand the case to the [Commissioner] for further action by the [Commissioner]."[2]  The Commissioner's inability to compile an administrative record for this Court's review  establishes good cause to remand this case to the Commissioner in order that the Commissioner may find the missing claim file or reconstruct same.  Obviously, with entry of this sentence-six remand the Court "does not rule in any way as to the correctness of the administrative determination." *Melkonyan v. Sullivan*, 501 U.S. 89, 98, 111 S.Ct. 2157, 2163, 115 L.Ed.2d 78 (1991).  Accordingly, the plaintiff is not a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412.  *See Schaefer, supra,* 509 U.S. at 298, 113 S.Ct. at 2629.  "In sentence six cases, the [EAJA] filing period does not begin until after the postremand proceedings are completed, the [Commissioner] returns to court, the court enters a final judgment, and the appeal period runs."

---

[2]  Sentence-six remand cases may be ordered in only two situations: where, as here, the Commissioner "requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Shalala v. Schaefer*, 509 U.S. 292, 297 n.2, 113 S.Ct. 2625, 2629 n.2, 125 L.Ed.2d 239 (1993) (citations omitted).

*Melkonyan, supra*, 501 U.S. at 102, 111 S.Ct. at 2165.[3]

For good cause shown, the Magistrate Judge recommends that this case be remanded to the Commissioner of Social Security pursuant to sentence six of 42 U.S.C. § 405(g).

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 30th day of October, 2006.

       s/WILLIAM E. CASSADY
      **UNITED STATES MAGISTRATE JUDGE**

---

[3] Although this Court retains jurisdiction over this case, the Clerk of Court is directed to statistically close this case at this time. This case is to be statistically reopened when the defendant files an answer along with a transcript of the administrative proceedings.

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to  do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    _s/WILLIAM E. CASSADY_____
    UNITED STATES MAGISTRATE JUDGE